IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | **C O M P L A I N T** |
| v. | ) ) | |
| LEIFERMAN ENTERPRISES, LLC, d/b/a HARMON AUTOGLASS | ) ) ) | |
| | ) | |
| Defendant. | ) ) | **JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Steve W. Dolge, who was affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Leiferman Enterprises, LLC, d/b/a Harmon AutoGlass ("Harmon"), terminated Steve W. Dolge because of his disability, Type I diabetes.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2.      The employment practices alleged to be unlawful were committed within the State of Minnesota.

## PARTIES

3.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Leiferman Enterprises, LLC, d/b/a Harmon AutoGlass ("Harmon"), has been doing business in the State of Minnesota, and has had at least 15 employees.

5.      At all relevant times, Harmon has been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Harmon has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Steve W. Dolge filed a charge with the EEOC alleging violations of Title I of the ADA by Harmon. All conditions precedent to the institution of this lawsuit have been fulfilled.

CASE 0:06-cv-03841-ADM-JSM   Document 1   Filed 09/26/06   Page 3 of 5

8. Steve W. Dolge is a qualified individual with a disability, Type I diabetes.

9. On or about November, 2004, Harmon terminated Dolge's employment as a technician because of his disability, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a).

10. The effect of the practices complained of in paragraph 9 above has been to deprive Steve W. Dolge of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally protected rights of Steve W. Dolge.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make whole Steve W. Dolge by providing appropriate

backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement to his former position.

  D. Order Defendant to make whole Steve W. Dolge by providing compensation for pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including, but not limited to, job search expenses and medical expenses.

  E. Order Defendant to make whole Steve W. Dolge by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Steve W. Dolge punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

                           RONALD S. COOPER
                           General Counsel

                           JAMES LEE
                           Deputy General Counsel

                           GWENDOLYN YOUNG REAMS
                           Associate General Counsel

                           Equal Employment Opportunity Commission
                           1800 L Street, N.W.
                           Washington, DC 20507


                           _____
                           John Hendrickson
                           Regional Attorney


                           _____
                           Jean P. Kamp
                           Associate Regional Attorney


                           _____
                           Brian Tyndall
                           Senior Trial Attorney

                           Equal Employment Opportunity Commission
                           Milwaukee Area Office
                           310 West Wisconsin Avenue, Suite 800
                           Milwaukee, Wisconsin  53203-2292
                           (414) 297-1130