UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LEIFERMAN ENTERPRISES, LLC, d/b/a HARMON AUTOGLASS, and AUTO GLASS REPAIR AND WINDSHIELD REPLACEMENT SERVICES, INC.,<br><br>Defendants. | CIVIL NO. 0:06-CV-3841 |

**CONSENT DECREE AND ORDER RESOLVING CLAIMS AGAINST AUTO GLASS REPAIR AND WINDSHIELD REPLACMENT SERVICES, INC.**

This action was filed by the Equal Employment Opportunity Commission ("Commission") against defendant Leiferman Enterprises, LLC, d/b/a Harmon AutoGlass ("Leiferman") pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Steve W. Dolge. The Commission alleged Mr. Dolge was adversely affected by such practices when his employment with Harmon/Leiferman was terminated because of his disability, Type I diabetes. The Commission alleged that Auto Glass Repair and Windshield Replacement Services, Inc. ("AutoGlass"), as successor to Leiferman, was liable for the matters alleged against Leiferman, solely because of its successor status. The Commission does not allege that AutoGlass acted in violation of the ADA, nor does this Consent Decree constitute a finding or admission of any wrongdoing by AutoGlass under the ADA or otherwise. The Commission and defendant AutoGlass (the "parties" to this Consent

Decree) have agreed to resolve this matter pursuant to this Consent Decree, without continuing to trial on the merits of the Commission's claim against AutoGlass.

**NOW, THEREFORE,** the Court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, it is **ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of entering and enforcing this Decree.

2. The terms of this Decree are adequate, fair, reasonable, equitable and just.

3. This Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA, and will be in the best interests of the parties, those for whom EEOC seeks relief, and the public.

4. This Decree resolves all claims against AutoGlass arising out of the Charge of Discrimination filed by Steve W. Dolge against Harmon Auto Glass, EEOC Charge No. 265-2005-00540, and constitutes a complete resolution of all claims under the ADA that were made or could have been made by him against AutoGlass in that charge. The parties further agree that this Decree does not resolve any other claims, including claims against Leiferman arising from that charge. This Decree does not and shall not be deemed to prejudice or in any way resolve the claims of EEOC against Leiferman, and all those claims shall remain pending in this action and may be pursued by EEOC against Leiferman.

**INJUNCTIVE RELIEF**

1.      Dissemination of Policy Statement.

AutoGlass agrees to issue and disseminate to all its employees, within 60 days of execution of this Consent Decree, an effective policy in regard to the ADA, including a clear and effective procedure for requesting reasonable accommodation. Said policy shall be disseminated to all new employees for two years from the date of execution of this Consent Decree.

2.      Training.

Within 120 days of execution of this Consent Decree AutoGlass shall provide training in regard to the policy described in the preceding paragraph, to all its employees and shall provide the EEOC's Milwaukee Area Office with a list of those trained and the date and description of the training provided. Such training shall be conducted by one or more trainers, chosen by AutoGlass from its in-house human resources staff or from outside, with the consent of the Commission, and shall include training in regard to the ADA, reasonable accommodation, and the interactive process for determining reasonable accommodation.

3.      Posting.

AutoGlass shall place a public notice, in a conspicuous place, at all of its locations, for a period of one year from the date of entry of this Consent Decree and Order. The notice shall be in a form attached as **Exhibit A**, and shall be captioned "Notice To All Employees."

4.      Certification to Commission.

Upon compliance with the foregoing provisions in paragraphs 1-3 of this Injunctive Relief Section, AutoGlass shall promptly certify to the undersigned counsel for the Commission that it has complied with them.

5. <u>Reporting.</u>

AutoGlass shall report in writing to the EEOC's Milwaukee Area Office, every six months starting with June 1, 2008 and continuing until December 31, 2008, all requests for reasonable accommodation at AutoGlass subject to the Americans with Disabilities Act, with details including the specific facts of the request, the persons involved, and the actions taken by AutoGlass to respond to the request.

6. <u>Record Retention.</u>

For three years from the entry of this Consent Decree and Order, AutoGlass shall maintain all records pertaining to the requests reported in paragraph 5 hereof. AutoGlass shall make such records available for inspection by the Commission.

**<u>MONETARY RELIEF</u>**

AutoGlass agrees, within 15 days of signature of this Consent Decree and Order by the Court, to pay to Mr. Dolge $45,000, consisting of $20,000 for lost wages (less proper withholdings) and $25,000 for damages. AutoGlass shall pay its own share of all applicable withholdings, which shall not reduce the award. AutoGlass shall mail the payment to Mr. Dolge at 11972 36th Circle N.E., St. Michael, MN 55376, and shall simultaneously provide a copy of the payment check(s) to the undersigned counsel for the Commission.

**SO ORDERED, ADJUDGED AND DECREED this 14th day of February 2008.**

                                                                s/Ann D. Montgomery
                                                               _____
                                                               JUDGE ANN D. MONTGOMERY
                                                               UNITED STATES DISTRICT COURT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C.   20507

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Milwaukee Area Office
310 W. Wisconsin Ave., Suite 800
Milwaukee, WI  53203-2292
Phone  (414) 297-1130


s/John C. Hendrickson                                                  Date: December 20, 2007
JOHN C. HENDRICKSON
Regional Attorney


s/Jean P. Kamp                                                             Date: December 20, 2007
JEAN P. KAMP
Associate Regional Attorney


 s/Brian C. Tyndall                                                         Date: December 20, 2007
BRIAN C. TYNDALL
Senior Trial Attorney

Auto Glass Repair and Windshield Replacement Services, Inc.


s/Mark Reese                                                                Date: January 30, 2008
President

5

**Exhibit A**

NOTICE TO ALL EMPLOYEES

This notice is being posted by order of the Court in a lawsuit brought against Leiferman Enterprises, LLC d/b/a Harmon AutoGlass ("Leiferman") and Auto Glass Repair and Windshield Replacement Services, Inc. ("AutoGlass") by the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC alleged that Leiferman violated the Americans With Disabilities Act of 1990 when it terminated the employment of one of its glass installers because of his diabetes, and that AutoGlass, as successor to Leiferman, was liable for the violation, solely because of its successor status. The Commission did not allege that AutoGlass acted in violation of the ADA, nor has there been a finding or admission of any wrongdoing by AutoGlass under the ADA or otherwise. This lawsuit has been resolved as to AutoGlass without a finding of wrongdoing by AutoGlass.

Should you have any complaints of discrimination based on disability, contact AutoGlass's Human Resources Manager, or the local EEOC office in Minneapolis. EEOC charges no fee for its services, and has employees who speak languages other than English. EEOC's offices are accessible to individuals with disabilities.

THIS IS AN OFFICIAL NOTICE
AND MUST NOT BE DEFACED BY ANYONE

Dated: January 30, 2008


s/Mark Reese
President