# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL NO. 06-CV-3841 ADM/JSM<br>)<br>) |
| LEIFERMAN ENTERPRISES, LLC, d/b/a HARMON AUTOGLASS, and AUTO GLASS REPAIR AND WINDSHIELD REPLACEMENT SERVICES, INC., | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFAULT JUDGMENT

This action was filed by the Equal Employment Opportunity Commission ("Commission") against defendant Leiferman Enterprises, LLC, d/b/a Harmon AutoGlass ("Leiferman") pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Steve W. Dolge. The Commission alleged Mr. Dolge was adversely affected by such practices when his employment with Harmon/Leiferman was terminated because of his disability, Type I diabetes. The Commission alleged that Auto Glass Repair and Windshield Replacement Services, Inc. ("AutoGlass"), as successor to Leiferman, was liable for the matters alleged against Leiferman, solely because of its successor status. Defendant AutoGlass has entered into a Consent Decree with EEOC and is no longer involved in the pending litigation. Defendant Leiferman, following the withdrawal of its counsel, has failed to retain new counsel to defend this action and is in default.

**NOW, THEREFORE,** the Court having carefully examined the files and proceedings herein, it is **ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties for purposes of enforcing this Default Judgment.

2. The terms of this Default Judgment are adequate, fair, reasonable, equitable and just.

3. This Default Judgment conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights or privileges of any person.  The entry of this Default Judgment will further the objectives of the ADA, and will be in the best interests of the parties to this action, those for whom EEOC seeks relief, and the public.

4. This Default Judgment resolves all claims against Leiferman arising out of the Charge of Discrimination filed by Steve W. Dolge against Harmon Auto Glass, EEOC Charge No. 265-2005-00540, and constitutes a complete resolution of all claims under the ADA that were made or could have been made by him against Leiferman in that charge.  The parties further agree that this Decree does not grant relief against AutoGlass, which has been resolved separately in the Consent Decree on file herein.  This Default Judgment does not resolve any other claims.

**INJUNCTIVE RELIEF**

1.      Injunction

Defendant Leiferman and its officers, agents, employees, successors, and all persons in active concert or participation with them shall be and are hereby permanently enjoined from engaging in any employment practice that discriminates on the basis of disability.  In the event Leiferman returns to active business during the term hereof, it shall also be subject to the other injunctive provisions set forth in paragraphs 2 through 7 below.

2.      Training

Defendant Leiferman, shall provide training in regard to the Americans With Disabilities Act to all of its management and supervisory employees and shall annually provide the EEOC's Milwaukee District Office with a list of those trained and the date and description of the training provided.  Such training shall be conducted by one or more outside trainers chosen by Defendant PDI with the consent of the Commission, and shall be conducted for two hours each year for the three years following the date of entry of this Default Judgment.

3.      Posting

Defendant Leiferman shall place a public notice, in a conspicuous place, at its offices, for a period of three years from the date of entry of this Default Judgment.  The notice shall be in the form attached hereto as Exhibit A and captioned "Notice To All Employees."  Defendant Leiferman shall annually provide the EEOC's Milwaukee District Office with proof of compliance with this provision.

4. <u>Certification to Commission</u>

Upon each annual compliance with the foregoing provisions of this Default Judgment, Defendant Leiferman shall promptly certify to the undersigned counsel for the Commission that it has complied therewith.

5. <u>Reporting</u>

For three years from the entry of this Default Judgment, defendant Leiferman shall report in writing, to the undersigned counsel for the Commission (on a semiannual basis every June 30 and December 31 starting with June 30, 2008), all requests for reasonable accommodation at Leiferman subject to the Americans with Disabilities Act, with details including the specific facts of the request, the persons involved, and the actions taken by Leiferman to respond to the request.

6. <u>Record Retention</u>

For three years from the entry of this Consent Decree and Order, Leiferman shall maintain all records pertaining to the requests reported in paragraph 5 hereof, and shall make such documents available for inspection by the Commission pursuant to Paragraph 7 hereof.

7. <u>Right of Entry for Inspection</u>

The Commission shall have the right, on 48 hours' written notice to Leiferman, to enter upon defendant's offices and inspect any relevant documents or records for the purpose of determining defendant's compliance with this Default Judgment.

**MONETARY RELIEF**

Defendant Leiferman shall have judgment entered against it for following monetary relief: the full amount of lost back wages and benefits, compensatory damages, punitive damages, and costs that this court shall determine to be due Steve W. Dolge and EEOC pursuant

to a Motion for Money Damages to be scheduled by the court.  Said motion shall be limited solely to the amount of such relief to be paid to Dolge and EEOC by Leiferman.  The amount of relief so awarded shall not be binding on AutoGlass, whose liability has been determined in the Consent Decree herein.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 16, 2008.

**Exhibit A**

NOTICE TO ALL EMPLOYEES

This notice is being posted by order of the Court in a lawsuit brought against Leiferman Enterprises, LLC ("Leiferman") by the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC alleged that Leiferman violated the Americans With Disabilities Act ("the ADA") when it terminated the employment of one of its glass installers because of his diabetes.

Leiferman has been ordered to pay lost wages and benefits and other damages to the glass installer, and has further been ordered not to discriminate against any employee or applicant on the basis of disability.

Should you have any complaints of discrimination on the basis of disability, you can contact [_____], or the EEOC office in Minneapolis. EEOC charges no fee for its services, and has employees who speak languages other than English. EEOC's offices are accessible to individuals with disabilities.

THIS IS AN OFFICIAL NOTICE

AND MUST NOT BE DEFACED BY ANYONE